UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PARKVIEW EDGE PROPERTIES, LLC,<br><br>  Plaintiff,<br>  v.<br><br>WILLIAM TERRY REEHER, et al.,<br><br>  Defendants. | Case No. 5:14-cv-04210-PSG<br><br>**ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT CASE BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**(Re: Docket No. 8)** |

Before the court is Plaintiff ParkView Edge Properties LLC's motion to remand this action to recover possession of real property to Santa Clara County Superior Court for lack of subject matter jurisdiction. Defendants William Terry Reefer and Steven Shawn Reeher did not file an opposition.[1] The court held a hearing on the motion earlier today—only ParkView's counsel appeared.[2] After considering the arguments, the court ORDERS the case be reassigned to a district judge with the recommendation that the case be remanded for lack of subject matter jurisdiction.[3]

---

[1] *See* Docket No. 10.

[2] *See* Docket No. 11.

[3] The undersigned is ordering reassignment to a district judge and issuing a report and recommendation because, absent consent of all parties, a magistrate judge does not have authority to make case-dispositive rulings. *See* 28 U.S.C. § 636 (authorizing magistrate judges to submit "findings of fact and recommendations" to the district judge); *Tripati v. Rison*, 847 F.2d 548,

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."[4]  "Absent diversity of citizenship, federal-question jurisdiction is required."[5]  Neither basis is present here.  ParkView brings a single unlawful detainer claim grounded in state law.[6]  Although the Reehers allege diversity as a basis for jurisdiction in their removal notice,[7] that same notice makes clear that the parties are all citizens of California.[8]

Because this case could not have been originally filed in federal court, removal of this case is not warranted.  This case shall be reassigned by the Clerk so that a district judge may finally dispose of ParkView's motion to remand.

**IT IS SO ORDERED**

Dated: October 28, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

548-49 (9th Cir. 1988) (noting "a magistrate can prepare a report and recommendation which, after allowing opportunity for objections, a district judge can review" and adopt).

[4] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.")).

[5] *Id.* (citing 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")).

[6] *See* Docket No. 1, Ex. A (citing Cal. Code Civ. P. § 1161(a)).

[7] *But see* Docket No. 1-3 (civil cover sheet indicating federal question as a basis of jurisdiction).

[8] *See* Docket No. 1 at ¶ 6.